UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

**RACHEL ZIMMERMAN,** as Grandparent and Guardian of **H.W.[1],** and **RACHEL ZIMMERMAN, Individually**;

**DONNA CORNETT,** as Parent and Natural Guardian of **J.B.,** and **DONNA CORNETT, Individually**;

**KEISHA ARCHIBALD**, as Parent and Natural Guardian of **N.A.**, and **KEISHA ARCHIBALD**, **Individually**;

**LYNN CHAPERON**, as Parent and Natural Guardian of **A.J.C.B.** and **LYNN CHAPERON**, **Individually**;

**COMPLAINT**

**CAROLYN MASON**, as Parent and Natural Guardian of **A.D.**, and **CAROLYN MASON**, **Individually**;

23-CV-05192

**MARILYN BECKFORD,** as Parent and Natural Guardian of **M.B.** and **MARILYN BECKFORD, Individually**;

      Plaintiffs,
 -against-

**DAVID C. BANKS**, in his official capacity as Chancellor of the New York City Department of Education, and the **NEW YORK CITY DEPARTMENT OF EDUCATION**,

      Defendants.
----------------------------------------------------------------X

  **PLAINTIFFS**, as Parents and Natural Guardians of their respective minor children, and Individually, as and for their Complaint, allege as follows:

## PRELIMINARY STATEMENT

**1.** The Individuals with Disabilities Education Act ("IDEA") offers federal funds to States in exchange for a commitment to furnish a "free appropriate public education" ("FAPE") to all

---

[1] Although the full name of the Parent is used in the Complaint and Order to Show Cause herein, pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g (and 34 C.F.R. Part 99), Plaintiff is using the initials of the Student to protect the Student's privacy.

1

children with certain physical or intellectual disabilities. See § 1401 (3) (A) (listing covered disabilities).

2. As defined in the Act, a FAPE comprises special education and related services—instruction tailored to meet a child's unique needs, and supportive services sufficient to allow the child to benefit from the instruction.

3. An eligible child acquires a substantive right to such an education once the State accepts IDEA's financial assistance.

4. Under IDEA, an Individualized Education Program ("IEP") is the primary vehicle for providing a child with the promised FAPE.

5. Each of the Student-Plaintiffs here suffers from a brain injury that adversely affects their educational abilities and performance.

6. Each Parent-Plaintiff brought a Due Process Complaint ("DPC") against the New York City Department of Education ("DOE"), alleging, among other things, that the DOE did not offer their child a FAPE for the school year ("SY") specified below.

7. The Parent-Plaintiffs requested, among other things, an Order requiring the DOE to fund their child's educational program during the Pendency of the operative due process proceeding, as required by 20 U.S.C. § 1415 (j).

8. During the Pendency of a Due Process Proceeding, unless the school district and the Parent agree otherwise, federal and State law requires the child to remain in their then-current educational placement. Se20 U.S.C. § 1415 (j); 34 C.F.R. § 300.518 (a); N.Y. Educ. Law § 4404(a) (McKinney).

9. The phrase "then-current educational placement" has been found to mean either: (1) the placement described in the student's most recently implemented IEP; (2) the operative

placement actually functioning at the time the due process proceeding was commenced; or (3) the placement at the time of the previously implemented IEP.

10. A student's last agreed-upon placement, or final unappealed administrative decision regarding placement, establishes a student's Pendency Placement.[2]

11. Pendency provides stability and consistency in the education of students with a disability, and prevents schools from unilaterally making decisions that would otherwise exclude disabled students from school, as was the practice before the enactment of the IDEA.

12. The Parent-Plaintiffs bring this action on their behalf and on behalf of their respective children for a Pendency Order finding that the International Academy of the Brain ("iBRAIN") is their Pendency Placement for the 2023–2024 SY.

13. Each Student-Plaintiff has a final administrative order establishing iBRAIN as their Pendency Placement for the 2023–2024 SY.

14. Each of the Parent-Plaintiffs here requests an Order declaring iBRAIN is the Pendency Placement for each of their respective Student-Plaintiffs.

15. Since Pendency has the effect of an automatic injunction, the Plaintiffs need not meet the traditional requirements for injunctive relief, such as the likelihood of success on the merits, irreparable harm, or a balancing of the hardships to obtain a Pendency Order.

16. If the Plaintiffs are required to meet the traditional requirements for injunctive relief, they will be able to show they meet such requirements.

17. DOE's principal place of business is located at 52 Chambers Street, in the County and State of New York.

---

[2] See *Student X v. New York City Dep't of Educ.*, No. 07-CV-2316(NGG)RER, 2008 WL 4890440, at *23 (E.D.N.Y. Oct. 30, 2008); Letter to Hampden 49 IDELR 197.

3

18. DOE's Impartial Hearing Order Implementation Unit is located at 65 Court Street, Room 1503, Brooklyn, New York 11201.

## JURISDICTION AND VENUE

19. This case arises under a federal statute, the IDEA (20 U.S.C. § 1400 *et seq.*), and the regulations of the United States Department of Education, which were promulgated under authority granted by statute. 34 C.F.R. Part 300.

20. The Court has subject-matter jurisdiction of this matter under 28 U.S.C. § 1331, in that claims arise under federal law, IDEA, 28 U.S.C. § 1343(a), in that claims arise under laws providing for the protection of civil rights, and under 42 U.S.C. § 1983.

21. As much as this case involves questions about special education rights under New York State Law, this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

22. This Court may grant a Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, implemented through Fed. R. Civ. P. 57.

23. Under 28 U.S.C. § 1391(b), venue is properly placed within the Eastern District of New York, in that Defendants DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION (collectively "DOE") maintain a business office in Kings County.

24. Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(i) if found to be prevailing parties.

## FACTUAL ALLEGATIONS

### RACHEL ZIMMERMAN, as Grandparent and Guardian of H.W.

25. RACHEL ZIMMERMAN is the Grandparent and Guardian of H.W.

26. H.W. is six years old.

27. H.W. is a minor.

28. H.W. is a child with a disability defined by 20 U.S.C. § 1401(3).

29. H.W. is entitled to receive a FAPE and related services from DOE.

30. At all relevant times here, Plaintiff RACHEL ZIMMERMAN and H.W. lived in the City of New York.

31. Since H.W. is a student with a disability, Defendant DOE must provide her with a FAPE under the IDEA and the New York Education Law. Accordingly, DOE must provide H.W. with an IEP for every SY.

32. On June 2, 2023, Impartial Hearing Officer ("IHO") Teril Holston issued a Findings of Fact and Decision ("FOFD") in IHO Case No. 240713, which found, among other things, DOE denied H.W. a FAPE for the 2021–2022 and 2022–2023 SYs, that iBRAIN was an appropriate unilateral placement for H.W. during the 2021–2022 and 2022–2023 SYs, and that equitable considerations favored an award of full funding for the same, including tuition, special transportation, and related services, such as 1:1 nursing.

33. DOE had 25 days from June 2, 2023, to serve a Notice of Intention to Seek Review ("NOITSR") of IHO Holston's FOFD to the Office of State Review.

34. DOE did not file a NOITSR within 25 days of June 2, 2023.

35. Plaintiff Rachel Zimmerman did not waive the 25-day deadline to file a NOITSR, nor did Plaintiff consent to an extension of such deadline.

36. DOE has 40 days from June 2, 2023, to file a verified Request for Review ("RFR") of IHO Holston's FOFD to the Office of State Review.

37. On July 14, 2023, IHO Holston's FOFD for IHO Case No. 240713 will become the final Order for H.W.'s 2022–2023 SY Due Process Proceedings.

38. IHO Holston's final Order in IHO Case No. 240713 establishes iBRAIN as H.W.'s last agreed-upon educational placement for Pendency.

39. On June 20, 2023, Plaintiff Rachel Zimmerman sent a Ten-Day Notice to DOE, notifying them of her intent to enroll H.W. at iBRAIN for the 2023–2024 SY.

40. On July 5, 2023, Plaintiff Rachel Zimmerman filed a DPC seeking funding for H.W.'s placement at iBRAIN, including special transportation services, and related services, such as 1:1 nursing, for the 2023–2024 SY.

41. Due to IHO Holston's final Order in IHO Case No. 240713, iBRAIN is H.W.'s Pendency Placement throughout her Due Process Proceedings for the 2023–2024 SY.

**DONNA CORNETT, as Parent and Natural Guardian of J.B.**

42. DONNA CORNETT is the Parent and Natural Guardian of J.B.

43. J.B. is ten years old.

44. J.B. is a minor.

45. J.B. is a child with a disability defined by 20 U.S.C. § 1401(3).

46. J.B. is entitled to receive a FAPE and related services from DOE.

47. At all relevant times here, Plaintiff DONNA CORNETT and J.B. lived in the City of New York.

48. Since J.B. is a student with a disability, Defendant DOE must provide her with a FAPE under the IDEA and the New York Education Law. Accordingly, DOE must provide J.B. with an IEP for every SY.

49. On January 5, 2023, State Review Officer ("SRO") Sarah L. Harrington issued a final Decision No. 22–138, which found, among other things, DOE denied J.B. a FAPE for the 2021–2022 SY, that iBRAIN was an appropriate unilateral placement for J.B. during the

2021–2022 SY, and that equitable considerations favored an award of full funding for the same, including tuition, special transportation, and related services.

50. According to 34 C.F.R. § 300.518(d), "If the hearing officer in a due process hearing conducted by the SEA or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents for purposes of paragraph (a) of this section."

51. SRO Harrington's Decision No. 22–138 must be treated as an agreement between the State and the Parent-Plaintiff—thus establishing iBRAIN as J.B.'s last agreed-upon educational placement for Pendency.

52. There is no final Order yet regarding J.B.'s 2022–2023 Due Process Proceedings, which are still pending.

53. SRO Harrington's final Decision No. 22–138 establishes iBRAIN as J.B.'s last agreed-upon educational placement for Pendency.

54. On June 20, 2023, Plaintiff Donna Cornett sent a Ten-Day Notice to DOE, notifying them of her intent to enroll J.B. at iBRAIN for the 2023–2024 SY.

55. On July 5, 2023, Plaintiff Donna Cornett filed a DPC seeking funding for J.B.'s placement at iBRAIN, including special transportation and related services for the 2023–2024 SY.

56. Because of SRO Harrington's final Decision, SRO No. 22–138, iBRAIN is J.B.'s Pendency Placement throughout her Due Process Proceedings for the 2023–2024 school year.

### KEISHA ARCHIBALD, as Parent and Natural Guardian of N.A.

57. KEISHA ARCHIBALD is the Parent and Natural Guardian of N.A.

58. N.A. is eight years old.

59. N.A. is a minor.

60. N.A. is a child with a disability defined by 20 U.S.C. § 1401(3).

61. N.A. is entitled to receive a FAPE and related services from DOE.

62. At all relevant times here, Plaintiff KEISHA ARCHIBALD and N.A. lived in the City of New York.

63. Since N.A. is a student with a disability, Defendant DOE must provide her with a FAPE under IDEA and the New York Education Law. Accordingly, DOE must provide N.A. with an IEP for every SY.

64. On October 19, 2022, IHO Hashim Rahman issued a final, unappealed FOFD in IHO Case No. 228692, which found, among other things, DOE denied N.A. a FAPE for the 2022–2023 SY, that iBRAIN was an appropriate unilateral placement for N.A. during the 2022–2023 SY, and that equitable considerations favored an award of full funding for the same, including tuition, special transportation, and related services.

65. DOE had 40 days from October 19, 2022, to appeal—to file a verified RFR of—IHO Rahman's FOFD to the Office of State Review.

66. DOE did not file a verified RFR; DOE did not appeal IHO Rahman's FOFD.

67. IHO Rahman's FOFD for IHO Case No. 228692 is the final Order for N.A.'s 2022–2023 school year Due Process Proceedings.

68. IHO Rahman's final Order in IHO Case No. 228692 establishes iBRAIN as N.A.'s last agreed-upon educational placement for Pendency.

69. On June 20, 2023, Plaintiff Keisha Archibald sent a Ten-Day Notice to DOE, notifying them of her intent to enroll N.A. at iBRAIN for the 2023–2024 SY.

70. On July 5, 2023, Plaintiff Keisha Archibald filed a DPC seeking funding for N.A.'s placement at iBRAIN, including special transportation services and related services, for the 2023–2024 SY.

71. Due to IHO Rahman's final Order for IHO Case No. 228692, iBRAIN is N.A.'s Pendency Placement throughout her Due Process Proceedings for the 2023–2024 SY.

## **LYNN CHAPERON, as Parent and Natural Guardian of A.J.C.B.**

72. LYNN CHAPERON is the Parent and Natural Guardian of A.J.C.B.

73. A.J.C.B. is twelve years old.

74. A.J.C.B. is a minor.

75. A.J.C.B. is a child with a disability defined by 20 U.S.C. § 1401(3).

76. A.J.C.B. is entitled to receive a FAPE and related services from DOE.

77. At all relevant times here, Plaintiff LYNN CHAPERON and A.J.C.B. lived in the City of New York.

78. Since A.J.C.B. is a student with a disability, Defendant DOE must provide him with a FAPE under IDEA and the New York Education Law. Accordingly, DOE must provide A.J.C.B. with an IEP for every school year.

79. On October 20, 2022, IHO Teril Holston issued a final, unappealed FOFD in IHO Case No. 228674, which found, among other things, DOE denied A.J.C.B. a FAPE for the 2022–2023 school year, that iBRAIN was an appropriate unilateral placement for A.J.C.B. during the 2022–2023 school year, and that equitable considerations favored an award of full funding for the same, including tuition, special transportation, and related services, such as 1:1 nursing.

80. DOE had 40 days from October 20, 2022, to appeal—to file a verified RFR of—IHO Holston's FOFD to the Office of State Review.

81. DOE did not file a verified RFR; DOE did not appeal IHO Holston's FOFD.

82. IHO Holston's FOFD in IHO Case No. 228674 is the final Order for A.J.C.B.'s 2022–2023 school year Due Process Proceedings.

83. IHO Holston's final Order in IHO Case No. 228674 establishes iBRAIN as A.J.C.B.'s last agreed-upon educational placement for Pendency.

84. On June 20, 2023, Plaintiff Lynn Chaperon sent a Ten-Day Notice to DOE, notifying them of her intent to enroll A.J.C.B. at iBRAIN for the 2023–2024 SY.

85. On July 5, 2023, Plaintiff Lynn Chaperon filed a DPC seeking funding for A.J.C.B.'s placement at iBRAIN, including special transportation and related services, such as 1:1 nursing, for the 2023–2024 SY.

86. Due to IHO Holston's final Order in IHO Case No. 228674, iBRAIN is A.J.C.B.'s proper Pendency Placement throughout his Due Process Proceedings for the 2023–2024 school year.

### CAROLYN MASON, as Parent and Natural Guardian of A.D.

87. CAROLYN MASON is the Parent and Natural Guardian of A.D.

88. A.D. is fourteen years old.

89. A.D. is a minor.

90. A.D. is a child with a disability defined by 20 U.S.C. § 1401(3).

91. A.D. is entitled to receive a FAPE and related services from DOE.

92. At all relevant times here, Plaintiff CAROLYN MASON and A.D. lived in the City of New York.

93. Since A.D. is a student with a disability, Defendant DOE must provide him with a FAPE under the IDEA and the New York Education Law. Accordingly, DOE must provide A.D. with an IEP for every school year.

94. On February 7, 2021, IHO Harriet Gewirtz issued an FOFD in IHO Case No. 196301, which found, among other things, DOE denied A.D. a FAPE for the 2020–2021 SY, that iBRAIN was an appropriate unilateral placement for A.D. during the 2020–2021 SY, and that equitable considerations favored an award of full funding for the same, including tuition, special transportation, and related services, such as 1:1 nursing.

95. In SRO Decision No. 21–079, dated April 16, 2021, SRO Sarah L. Harrington affirmed IHO Gerwitz's findings.

96. There is no final Order yet regarding A.D.'s 2021–2022 Due Process Proceedings, which are being litigated in federal district court (Case No. 22-cv-09336).

97. On September 26, 2022, IHO Karen Charrington issued an Order on Pendency in IHO Case No. 228632, which found iBRAIN to be A.D.'s Pendency Placement throughout his 2022–2023 SY Due Process Proceedings, based on IHO Gewirtz's FOFD and SRO Harrington's SRO Decision for the 2020–2021 SY.

98. There is no final Order yet regarding A.D.'s 2022–2023 Due Process Proceedings, which are pending at the administrative level.

99. IHO Gewirtz's FOFD and SRO Harrington's final Decision for A.D.'s 2020–2021 SY remain the basis of A.D.'s Pendency, and establish iBRAIN as A.D.'s last agreed-upon placement for Pendency, until A.D.'s 2021–2022 or 2022–2023 Due Process Proceedings have resolved.

100. On June 20, 2023, Plaintiff Carolyn Mason sent a Ten-Day Notice to DOE, notifying them of her intent to enroll A.D. at iBRAIN for the 2023–2024 SY.

101. On July 5, 2023, Plaintiff Carolyn Mason filed a DPC seeking funding for A.D.'s placement at iBRAIN, including special transportation and related services, such as 1:1 nursing, for the 2023–2024 SY.

102. Due to IHO Gewirtz's final Order in IHO Case No. 196301 and SRO Harrington's final Decision, SRO No. 21–079, iBRAIN is A.D.'s proper Pendency Placement throughout his Due Process Proceedings for the 2023–2024 school year.

### MARILYN BECKFORD, as Parent and Natural Guardian of M.B.

103. MARILYN BECKFORD is the Parent and Natural Guardian of M.B.

104. M.B. is thirteen years old.

105. M.B. is a minor.

106. M.B. is a child with a disability defined by 20 U.S.C. § 1401(3).

107. M.B. is entitled to receive a FAPE and related services from DOE.

108. At all relevant times here, Plaintiff MARILYN BECKFORD and M.B. lived in the City of New York.

109. Since M.B. is a student with a disability, Defendant DOE must provide him with a FAPE under the IDEA and the New York Education Law. Accordingly, DOE must provide M.B. with an IEP for every SY.

110. On July 18, 2022, IHO Sebastian Weiss issued a final, unappealed FOFD in IHO Case No. 210883, which found, among other things, DOE denied M.B. a FAPE for the 2022–2023 SY, that iBRAIN was an appropriate unilateral placement for M.B. during the 2022–

2023 SY, and that equitable considerations favored an award of full funding for the same, including tuition, special transportation, and related services, such as 1:1 nursing.

111. DOE had 40 days from July 18, 2022, to appeal—to file a verified RFR of—IHO Weiss' FOFD to the Office of State Review.

112. DOE did not file a verified RFR; DOE did not appeal IHO Weiss' FOFD.

113. IHO Weiss' FOFD for IHO Case No. 210883 is the final Order for M.B.'s 2022–2023 SY Due Process Proceedings.

114. IHO Weiss' final Order in IHO Case No. 210883 establishes iBRAIN as M.B.'s last agreed-upon educational placement for Pendency.

115. On June 20, 2023, Plaintiff Marilyn Beckford sent a Ten-Day Notice to DOE, notifying them of her intent to enroll M.B. at iBRAIN for the 2023–2024 SY.

116. On July 5, 2023, Plaintiff Marilyn Beckford filed a DPC seeking funding for M.B.'s placement and related services at iBRAIN, including special transportation and related services, such as 1:1 nursing, for the 2023–2024 SY.

117. Due to IHO Weiss' final Order for IHO Case No. 210883, iBRAIN is M.B.'s Pendency Placement throughout his Due Process Proceedings for the 2023–2024 SY.

## AS AND FOR A FIRST CAUSE OF ACTION

118. Plaintiffs repeat and reaffirm each allegation set forth above as if set forth more fully herein.

119. An action that alleges a violation of the Pendency Provision falls under one exception to IDEA's requirement for the exhaustion of administrative remedies before filing suit in federal court.

120. Pendency provides stability and consistency in the education of students with a disability and prevents schools from unilaterally making decisions that would otherwise exclude disabled students from school, as was the practice before the enactment of the IDEA.

121. A student's last agreed-upon placement—a final, unappealed administrative order—establishes a student's current educational placement for Pendency.

122. Each Student-Plaintiff here currently attends iBRAIN and has a final administrative order establishing iBRAIN as their Pendency Placement for the 2023–2024 school year.

123. By requesting a Pendency Order declaring iBRAIN to be each Student-Plaintiff's Pendency Placement for the 2023–2024 SY, the Plaintiffs are asking the Court to order the DOE to fulfill its obligations under federal and State law—to maintain the student's status-quo educational placement during the Due Process Proceedings relative to each student's relevant Due Process Proceedings.

## **RELIEF REQUESTED**

**WHEREFORE**, the Plaintiffs request that the Court:

(a) Enter a Judgment, under the Declaratory Judgment Act, declaring that each Student-Plaintiff is entitled to an order declaring their Pendency Placement/Program to be at iBRAIN during the 2023–2024 school year, which includes funding tuition at iBRAIN, and all related services, including transportation, and nursing where appropriate, during the 2023–2024 school year;

(b) Direct Defendants to pay for the costs and expenses of maintaining this action, including reasonable attorneys' fees for bringing and maintaining this action; and

(c) Grant such other, further, and different relief as this Court may deem just, proper, and equitable.

Dated: July 7, 2023
    New York, New York

                                                      Respectfully submitted,
                                                      Brain Injury Rights Group, Ltd.
                                                      *Attorneys for the Plaintiff(s)*

By: _/S/_
Rory J. Bellantoni (RB2901)
300 East 95th Street, #130
New York, New York 10128
rory@pabilaw.org