UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RACHEL ZIMMERMAN, Individually and as Parent and Natural Guardian of H.W., DONNA CORNETT, Individually and as Parent and Natural Guardian of J.B., KEISHA ARCHIBALD, Individually and as Parent and Natural Guardian of N.A., LYNN CHAPERON, Individually and as Parent and Natural Guardian of A.J.C.B., CAROLYN MASON, Individually and as Parent and Natural Guardian of A.D., and MARILYN BECKFORD, Individually and as Parent and Natural Guardian of M.B.,

         Plaintiffs,

v.

DAVID C. BANKS and NEW YORK CITY DEPARTMENT OF EDUCATION,

         Defendants.

**MEMORANDUM AND ORDER**
23-cv-5192 (LDH) (PK)

---

L<small>A</small>S<small>HANN</small> D<small>E</small>A<small>RCY</small> H<small>ALL</small>, United States District Judge:

  Plaintiffs commenced this action on July 7, 2023, seeking pendency orders pursuant to the Individuals with Disabilities Act ("IDEA"), declaring each Student-Plaintiff's pendency placement to be at the International Academy of the Brain ("iBRAIN") during the 2023–2024 school year.  (Compl. ¶¶ 12–14, 123, ECF No. 1.)  Plaintiffs amended their complaint on October 31, 2023, seeking additional relief in the form of an injunction requiring the Department of Education ("DOE") to immediately fund each Student-Plaintiff's tuition and related services, and an order for Defendants to implement and comply with an administrative order from the Impartial Hearing Officer ("IHO") requiring Defendants to directly fund J.B.'s educational placement/program for the 2023–2024 school year.  (Am. Compl. at 25, ECF No. 29.)

1

On November 21, 2023, Plaintiffs filed an "emergency" motion for a temporary restraining order ("TRO"), seeking an order "requiring Defendants to immediately implement each Student-Plaintiff's Pendency Placement, by funding the Students' tuition and related services, including transportation and nursing, where applicable, for the 2023–2024 extended school year at iBRAIN." (Pl's. Mem. L. Supp. Order to Show Cause for TRO and/or Prelim. Inj. at 22, ECF No. 33.)  That same day, Judge Hector Gonzalez denied the request for a TRO in a minute order, finding that Plaintiffs had failed to demonstrate irreparable harm with respect to the Student-Plaintiffs' ability to continue attending school while the parties litigate this dispute, and that Plaintiffs' request for pendency determinations was moot because each of the six Student-Plaintiffs had already received pendency determination through the administrative process.  (Min. Entry, Nov. 21, 2023.)  On December 15, 2023, the Court held oral arguments on Plaintiffs' request for a preliminary injunction, where the Court denied Plaintiff's request for injunctive relief and ordered the parties to show cause why this matter should not be dismissed as moot.  (Min. Entry, Dec. 15, 2023.)  This opinion addresses those arguments.

## DISCUSSION

"Under the doctrine of mootness, the plaintiff's 'personal stake' in the outcome of the litigation 'must be extant at all stages of review, not merely at the time the complaint is filed.'" *Stagg. P.C. v. U.S. Dep't of State*, 983 F.3d 589, 601 (2d Cir. 2020) (quoting *United States v. Sanchez-Gomez*, 584 U.S. 381, 385 (2018)).  "When the plaintiff no longer has a legally cognizable interest in the outcome of the action, the case becomes moot and is no longer a 'case' or 'controversy' for the purposes of Article III."  *Stagg, P.C.*, 983 F.3d at 601.  "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."  *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

Courts must also consider whether the plaintiff's claims are ripe for review. "Ripeness is a constitutional prerequisite to exercise of jurisdiction by federal courts." *Nutritional Health All. v. Shalala*, 144 F.3d 220, 225 (2d Cir. 1998). For a cause of action to be ripe, and therefore justiciable, "it must present a real, substantial controversy, not a mere hypothetical question. . . . A claim is not ripe if it depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (internal quotation marks and citations omitted). "The doctrine's major purpose is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Id.* (internal quotation marks and citation omitted).

Here, Defendants argue this matter should be dismissed because Plaintiffs' pendency claims are moot, and Plaintiffs' claims relating to future pendency payments and final orders are unripe. (Def's. Mem. L. Regarding Mootness of this Action, ECF No. 39.) The Court agrees. As set forth in the Declaration of Sapna Kapoor, Senior Policy Advisor for the IHO Implementation Unit, each Student-Plaintiff has already received the pendency determination sought here. (Decl. Sapna Kapoor ("Kapoor Decl.") ¶ 4, ECF No. 43.) Plaintiffs' pendency determination claims are therefore dismissed as moot. *See* (Dec. 15, 2023 Tr. at 3:22–4:5) (conceding that Plaintiffs' request for pendency orders is "not an issue any longer"); *Frias v. Banks*, No. 23-CV-5803 (JGLC), 2023 WL 6690882, at *3 (S.D.N.Y. Oct. 12, 2023) ("Here, Student-Plaintiffs . . . each received the exact relief they requested—a determination finding iBRAIN as their pendency program . . . Accordingly, the relief they seek has already been provided, and their claims are moot.").

With respect to outstanding tuition payments, Plaintiffs concede that "all tuition payments for all students except for one, A.D., were made current." (Pls.' Mem. L. Regarding

Mootness of this Action ("Pls.' Mem.") at 2, ECF No. 41.) Furthermore, according to Ms. Kapoor, Defendants have authorized and processed payments for "all six students" to this action, including A.D. (Kapoor Decl. ¶ 5.) As Defendants work to process A.D.'s outstanding tuition payments, Plaintiffs aver that "Defendants have only paid a portion of the current outstanding balance." (Pls.' Mem. at 3.) That is, Plaintiffs effectively ask the Court to fast-track payments already in the works. The Court declines to do so, particularly after A.D. already received the pendency sought in the amended complaint, and processing of payments inevitably takes time. *See Mendez v. Banks*, 65 F.4th 56, 63 (2d Cir. 2023) (acknowledging that "[a]ny agency will need some amount of time to process and pay submitted invoices"); *Ramos v. New York City Dep't of Educ.*, 447 F. Supp. 3d 153, 157 (S.D.N.Y. 2020) (collecting cases where courts have dismissed IDEA claims as moot because administrative orders granted the relief requested prior to judicial order). Plaintiffs' tuition claims are therefore dismissed as moot.

Plaintiffs advance several additional arguments in claiming "there is still an ongoing case of controversy," none of which the Court finds persuasive. (Pls.' Mem. at 2.) For example, although Plaintiffs concede that most tuition payments are current, they argue that "the Defendants cannot be trusted to keep current on their Pendency payment obligations absent Court order or oversight." (*Id.* at 2.) This argument amounts to pure speculation, and the Court declines to sustain this action based on the mere possibility that Defendants might later withhold certain payments. *Mendez*, 65 F.4th at 61 (rejecting the argument "that prophylactic relief is warranted because the DOE has a track record of making untimely payments and is predestined to do the same here").

In addition, Plaintiffs seek to avoid dismissal because "the parties disagree regarding the binding language relevant to the Student-Plaintiffs in this matter with outstanding transportation

4

and nursing services costs for the 2023–2024 school year." (Pls.' Mem. at 2.) According to Plaintiffs, there are outstanding transportation balances for H.W., N.A., J.B., A.J.C.B., and M.B., despite Defendants' request for "additional documentation" to process payment. (*Id.* at 3–4.) Plaintiffs also claim an outstanding nursing balance for A.J.C.B., as Plaintiffs appeal a November 4, 2023 administrative decision requiring "evidence of services that were provided" to determine funding eligibility. (*Id.* at 5.)

Plaintiffs' claims for transportation and nursing cost are unripe. Notably, Plaintiffs never allege that Defendants denied the request for transportation costs, but rather, "Plaintiffs have repeatedly submitted the necessary documentation" and "Defendants maintain that they need further documentation to confirm whether the Student utilized the service before they can issue payment." (*Id.*) Indeed, according to Ms. Kapoor, Defendants are awaiting necessary documentation to process transportation payments for H.W., A.J.C.B., and M.B. (Kapoor Decl. ¶¶ 7, 12, 15.) For N.A. and J.B., Defendants have processed transportation payment, and "[t]he transportation service provider should receive this payment soon."[1] (*Id.* ¶¶ 8, 10.) With respect to outstanding costs for nursing services, Ms. Kapoor likewise states that Defendants will process payments "in the next few days," which the nursing services provider will promptly receive. (*Id.* ¶ 13.) Thus, as with the outstanding tuition payments, the Court declines to intervene in the administrative process to fast-track transportation or nursing payments that are

---

[1] Plaintiffs cite to *Abrams v. New York City Dep't of Educ.*, where the Southern District of New York found that plaintiffs were required to pay the transportation company "even if the students did not utilize the transportation services." No. 20-CV-5085 (JPO), 2022 WL 523455, at *4 (S.D.N.Y. Feb. 22, 2022). That decision rested on the court's reading of the pendency orders and contracts with the transportation company, which "plainly provide[d] that payment is required whether the student uses the services or not." *Id.* Although Plaintiffs here complain of outstanding transportation costs, the amended complaint does not seek to enforce any contract with the transportation companies, nor can the Court infer that the pendency orders here match those in *Abrams*. *See also Donohue v. Banks*, No. 22 CIV. 8998 (JPC), 2023 WL 6386014, at *8 (S.D.N.Y. Sept. 30, 2023) ("Here, Plaintiffs do not—and indeed could not—tether their proffered interpretation to the precise language of the subject administrative orders, which vary from student to student and thus impose different obligations on the DOE as to each student.").

5

being processed or require additional authorization.  Of course, if Defendants ultimately fail to remit rightfully owed payments on these matters, Plaintiffs may file a separate lawsuit.  Until then, their claims are unripe.

## CONCLUSION

For the foregoing reasons, this matter is DISMISSED in its entirety.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York  
       March 26, 2024

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge